IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARIO L. CAMACHO,

              Plaintiff,

vs.                                        Case Nos. 14-3087-SAC
                                                          21-3220-SAC

STATE OF KANSAS, et al.,

              Defendants.

**O R D E R**

On September 10, 2021, plaintiff filed a complaint on forms asking the court to reopen Case No. 14-3087. The forms were for a habeas corpus action under 28 U.S.C. § 2241, but plaintiff indicated on the forms that he was seeking to proceed under 42 U.S.C. § 1983 and stated multiple times that his goal was to reopen Case No. 14-3087. The complaint was docketed as a new case and assigned Case No. 21-3220. Plaintiff is proceeding pro se and, in effect, has been allowed to proceed without advance payment of the filing fee in both cases.[1] The complaint indicates that he is currently a pretrial detainee confined in Beaver, Oklahoma.

Case No. 14-3087 was filed by plaintiff on May 29, 2014 when plaintiff was in state custody in Kansas. The case was dismissed for lack of prosecution on June 3, 2015. Plaintiff filed no

---

[1] Plaintiff has paid the partial filing fee assessed in Case No. 21-3220. Plaintiff did not pay the partial filing fee assessed in Case No. 14-3087. But the case was not dismissed on that grounds.

1

pleadings and did not correspond with the court after May 29, 2014. He did not respond to orders from the court mailed on April 24, 2015 and May 7, 2015. The docket reflects that the orders were mailed to plaintiff's last known address and returned to the court with a notation that plaintiff was no longer in state custody.

A court liberally construes pro se pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

The court is unaware of any authority which supports the filing of a new case for the sole purpose of reopening a judgment entered in a previously filed case. In general, courts disfavor duplicative litigation and seek to avoid it. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011)(holding that district courts have discretion to dismiss duplicative cases, citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Moreover, none of the defendants named in Case No. 21-3220 have the authority to reopen a case filed in this court and the court cannot order them to do so. Therefore, the court shall direct that Case No. 21-3220 be dismissed and the court shall treat

the complaint in that case as a Rule 60(b)(6) motion to reopen the judgment filed in Case No. 14-3087.[2]

Under Fed.R.Civ.P. 60(b)(6), relief may be granted from a judgment for any reason that justifies relief. Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2009)(quotation marks omitted).

Plaintiff argues that he is entitled to relief in Case No. 14-3087 because, as he alleged in the complaint in that case, he was held in Kansas state custody past the date he should have been released. He states that he did not appeal the dismissal of Case No. 14-3087 because he was not aware that the case had been dismissed. He does not explain, however, when he learned that Case No. 14-3087 was dismissed, why he apparently did not keep track of the case, or why he waited so long to seek to reopen the case.

Under these circumstances, the complaint in Case No. 21-3220, treated as a motion for relief from judgment in Case No. 14-3087, should be denied and dismissed. The following cases support this

---

[2] Case No. 21-3220 does have a slightly different lineup of defendants. To the extent that this might require treating Case No. 21-3220 as a new case rather than a motion seeking to reopen Case No. 14-3087, the court would still direct plaintiff to show cause why Case No. 21-3220 should not be dismissed as untimely filed. There is a two-year limitations period for filing an § 1983 action or a state law tort action. See Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F.3d 1184, 1188 (10th Cir. 2006)(§ 1983); K.S.A. 60-513 (action for injury to the rights of another, not arising on contract). A district court may dismiss a complaint filed by an IFP plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. Fogle v. Pierson, 435 F.3d 1252, 1258-59 (10th Cir. 2006).

result. Hodson v. Kroll, 712 Fed.Appx. 831, 833 (10th Cir. 2/26/2018)(denying Rule 60(b) relief to plaintiff whose case was dismissed for failure to prosecute where plaintiff alleged he did not receive his mail); Kobel v. Lansing Correctional Facility, 577 Fed.Appx. 844, 845 (10th Cir. 2014)(denying Rule 60(b)(6) relief under similar circumstances); Santistevan v. Colorado School of Mines, 150 Fed.Appx. 927, 931-32 (10th Cir. 2005)(no abuse of discretion in denying Rule 60(b) motion where plaintiff did not leave his address with the court and failed to keep in contact leading to dismissal for failure to prosecute); Lawrence v. Maher, 62 Fed.Appx. 907, 908-09 (10th Cir. 2003)(denying Rule 60(b) relief from dismissal for failure to prosecute where plaintiff only alleged missed communications from the clerk's office); Thomas v. Blake, 2019 WL 1596662 *3-4 (D.Kan. 4/15/2019)(denying Rule 60(b)(6) relief from dismissal for failure to prosecute where plaintiff provided evidence of an attempt to notify court of change of address, but never contacted the court regarding the status of the case).

In accordance with the discussion above, the court shall direct plaintiff to show cause by November 18, 2021 why his complaint in Case No. 21-3220 should not be treated as a motion for relief from judgment in Case No. 14-3087 and denied and dismissed for failure to supply good grounds for relief. If plaintiff argues that Case No. 21-3220 should be treated as a new

4

case instead of a motion for relief from judgment, then plaintiff must show cause why the case should not be dismissed as untimely filed.  If the court does treat the complaint as a motion for relief from judgment in Case No. 14-3087, then the court shall direct the Clerk to refund plaintiff's partial filing fee to the address plaintiff has left with the court.  Plaintiff's listed address in Case No. 14-3087 should be changed to the address listed in Case No. 21-3220.

**IT IS SO ORDERED.**

Dated this 20th day of October 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge